UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEANA TAYLOR § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> AMERICAN HOME BUYER, LTD. (a/k/a § <br> Owner of Telephone Number 832-998-8783); § <br> Owner of Telephone Number 281-402-8209; § <br> Owner of Telephone Number 281-535-2224; § <br> Owner of Telephone Number 281-607-8196; § <br> Owner of Telephone Number 281-699-1177; § <br> Owner of Telephone Number 281-800-5199; § <br> Owner of Telephone Number 281-843-5253; § <br> Owner of Telephone Number 346-253-2115; § <br> Owner of Telephone Number 346-478-3418; § <br> Owner of Telephone Number 346-478-4901; § <br> Owner of Telephone Number 346-567-5943; § <br> Owner of Telephone Number 409-230-5623; § <br> 911 REAL ESTATE SOLUTIONS, LLC § <br> (a/k/a Owner of Telephone Number 469-731- § <br> 4249); § <br> Owner of Telephone Number 484-497-9358; § <br> Owner of Telephone Number 517-300-3765; § <br> Owner of Telephone Number 631-318-6850; § <br> Owner of Telephone Number 706-914-1188; § <br> Owner of Telephone Number 712-306-4711; § <br> Owner of Telephone Number 713-461-9445; § <br> Owner of Telephone Number 802-213-6855; § <br> Owner of Telephone Number 817-904-4153; § <br> Owner of Telephone Number 832-520-2365; § <br> Owner of Telephone Number 832-639-6885; § <br> Owner of Telephone Number 832-645-2412; § <br> Owner of Telephone Number 832-669-6148; § <br> Owner of Telephone Number 832-688-4361; § <br> Owner of Telephone Number 832-810-7697; § <br> Owner of Telephone Number 833-234-9218; § <br> Owner of Telephone Number 855-338-3699; § <br> Owner of Telephone Number 855-452-9381; § <br> Owner of Telephone Number 877-402-8249; § <br> and § <br> Owner of Telephone Number 972-979-4951. § <br>     Defendants. § | CIVIL ACTION NO. 4:22-cv-01169 <br><br> **JURY TRIAL DEMANDED** |

1

# COMPLAINT

Plaintiff Keana Taylor alleges the following against each of the following individual Defendants:

American Home Buyer, Ltd. who, upon information and belief, is the Owner of Telephone Number 832-998-8783;

Owner of Telephone Number 281-402-8209;

Owner of Telephone Number 281-535-2224;

Owner of Telephone Number 281-607-8196;

Owner of Telephone Number 281-699-1177;

Owner of Telephone Number 281-800-5199;

Owner of Telephone Number 281-843-5253;

Owner of Telephone Number 346-253-2115;

Owner of Telephone Number 346-478-3418;

Owner of Telephone Number 346-478-4901;

Owner of Telephone Number 346-567-5943;

Owner of Telephone Number 409-230-5623;

911 REAL ESTATE SOLUTIONS, LLC who, upon information and belief, is the Owner of Telephone Number 469-731-4249;

Owner of Telephone Number 484-497-9358;

Owner of Telephone Number 517-300-3765;

Owner of Telephone Number 631-318-6850;

Owner of Telephone Number 706-914-1188;

Owner of Telephone Number 712-306-4711;

Owner of Telephone Number 713-461-9445;

Owner of Telephone Number 802-213-6855;

Owner of Telephone Number 817-904-4153;

Owner of Telephone Number 832-520-2365;

Owner of Telephone Number 832-639-6885;

Owner of Telephone Number 832-645-2412;

Owner of Telephone Number 832-688-4361;

Owner of Telephone Number 832-669-6148;

Owner of Telephone Number 832-810-7697;

Owner of Telephone Number 832-998-8783;

Owner of Telephone Number 833-234-9218;

Owner of Telephone Number 855-338-3699;

Owner of Telephone Number 855-452-9381;

Owner of Telephone Number 877-402-8249; and

Owner of Telephone Number 972-979-4951.

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and §302.101 of the Texas Business and Commercial Code.

2.  Plaintiff receives multiple spam solicitation calls and texts each week. This Complaint is based on only those calls and texts received from March 21, 2022 to April 8, 2022. Exhibit A, Affidavit of Keana Taylor.

## JURISDICTION & VENUE

3. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

4. This Court has personal jurisdiction over each of the Defendants because they each individually conduct business in the State of Texas, and purposefully direct their harassing communications to individuals such as the plaintiff within the State of Texas, and, on information and belief, committed the violations and torts complained of herein within the State of Texas.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this suit occurred in this Judicial District.

## PARTIES AND SERVICE

6. Plaintiff Keana Taylor is a natural person residing in Houston, Texas 77009.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Upon information and belief, Defendant American Home Buyer, Ltd. is the owner of telephone number 832-998-8783. Exhibit A. Upon information and belief, Defendant American Home Buyer, Ltd. is a domestic limited partnership with an address of 550 Post Oak Boulevard, Suite 475, Houston, Texas 77027. American Home Buyer, Ltd. may be served by serving its registered agent, Mika B. Self, at 550 Post Oak Boulevard, Suite 475, Houston, Texas 77027. Exhibit A.

9. Plaintiff is currently unable to identify the identity of the Owner of Telephone Number 281-402-8209. During the March 21, 2022 telephone call that Plaintiff had with the person

on the phone, they identified themselves as working for "AT Investments," however there is no entity by that name currently registered with the Texas Secretary of State and Plaintiff was unable to locate an entity by that name during her online searching. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 281-402-8209 by subpoenaing their third-party telephone service company, Level 3 Communications, LLC. Id.

10. Plaintiff is currently unable to identify the identity of the Owner of Telephone Number 281-535-2224. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 281-535-2224 by subpoenaing their third-party telephone service company, Bandwidth/13 – Bandwidth.com – SVR. Id.

11. Plaintiff is currently unable to identify the identity of the Owner of Telephone Number 281-607-8196. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 281-607-8196 by subpoenaing their third-party telephone service company, Plivio – SVR. Id.

12. Plaintiff is currently unable to identify the Owner of Telephone Number 281-699-1177. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 281-699-1177 by subpoenaing their third-party telephone service company, Bandwidth/13 – Bandwidth.com – SVR. Id.

13. Plaintiff is currently unable to identify the Owner of Telephone Number 281-800-5199. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 281-800-5199 by subpoenaing their third-party telephone service company, Twilio – SMS/MMS-SVR. Id.

14. Plaintiff is currently unable to identify the Owner of Telephone Number 281-843-5253. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 281-843-5253 by subpoenaing their third-party telephone service company, Twilio – SMS / MMS-SVR. Id.

15. Plaintiff is currently unable to identify the Owner of Telephone Number 346-253-2115. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 346-253-2115 by subpoenaing their third-party telephone service company, Telnyx – Telnyx - SVR. Id.

16. Plaintiff is currently unable to identify the Owner of Telephone Number 346-478-3418.  Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 346-478-3418 by subpoenaing their third-party telephone service company, Telefinity/teli.net. Id.

17. Plaintiff is currently unable to identify the Owner of Telephone Number 346-478-4901. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 346-478-4901 by subpoenaing their third-party telephone service company, Commio, LLC. Id.

18. Plaintiff is currently unable to identify the Owner of Telephone Number 346-567-5943. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 346-567-5943 by subpoenaing their third-party telephone service company, Twilio – SMS/MMS-SVR. Id.

19. Plaintiff is currently unable to identify the Owner of Telephone Number 409-230-5623. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity

of the Owner of Telephone Number 409-230-5623 by subpoenaing their third-party telephone service company, Onvoy, LLC. Id.

20. Upon information and belief, 911 Real Estate Solutions, LLC is the owner of telephone number 469-731-4249. Exhibit A. Upon information and belief, Defendant 911 Real Estate Solutions, LLC is a domestic limited liability company with an address of 6810 Apple Valley Lane, Houston, Texas 77069-2306 and it may be served at that address. Exhibit A. Defendant 911 Real Estate Solutions, LLC may also be served with process at an additional place of business at 9420 Logan Ridge Ct., Las Vegas, NV 89139-7537.

21. Plaintiff is currently unable to identify the Owner of Telephone Number 484-497-9358. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 484-497-9358 by subpoenaing their third-party telephone service company, TextNow – 360 Networks - SVR. Id.

22. Plaintiff is currently unable to identify the Owner of Telephone Number 517-300-3765. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 517-300-3765 by subpoenaing their third-party telephone service company, Twilio – SMS / MMS-SVR. Id.

23. Plaintiff is currently unable to identify the Owner of Telephone Number 631-318-6850. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 631-318-6850 by subpoenaing their third-party telephone service company, ZipWhip Messaging. Id.

24. Plaintiff is currently unable to identify the Owner of Telephone Number 706-914-1188. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity

of the Owner of Telephone Number 706-914-1188 by subpoenaing their third-party telephone service company, Telefinity/telinet - SVR. Id.

25. Plaintiff is currently unable to identify the Owner of Telephone Number 712-306-4711. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 712-306-4711 by subpoenaing their third-party telephone service company, RextNow – 360 Networks - SVR. Id.

26. Plaintiff is currently unable to identify the Owner of Telephone Number 713-461-9445. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 713-461-9445. by subpoenaing their third-party telephone service company, Bandwidth/13 – Bandwidth.com - SVR. Id.

27. Plaintiff is currently unable to identify the Owner of Telephone Number 802-213-6855. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 802-213-6855 by subpoenaing their third-party telephone service company, Onvoy/3 – Sybase365. Id.

28. Plaintiff is currently unable to identify the Owner of Telephone Number 817-904-4153. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 817-904-4153 by subpoenaing their third-party telephone service company, Twilio – SMS / MMS-SVR. Id.

29. Plaintiff is currently unable to identify the Owner of Telephone Number 832-520-2365. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 832-520-2365 by subpoenaing their third-party telephone service company, Telnyx LLC. Id.

30. Plaintiff is currently unable to identify the Owner of Telephone Number 832-639-6885. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 832-639-6885 by subpoenaing their third-party telephone service company, Twilio – SMS/MMS-SVR. Id.

31. Plaintiff is currently unable to identify the Owner of Telephone Number 832-645-2412. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number  832-645-2412 by subpoenaing their third-party telephone service company, Bandwidth/13 – Bandwidth.com – SVR. Id.

32. Plaintiff is currently unable to identify the Owner of Telephone Number 832-669-6148. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 832-669-6148 by subpoenaing their third-party telephone service company, Twilio – SMS / MMS-SVR. Id.

33. Plaintiff is currently unable to identify the Owner of Telephone Number 832-688-4361. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number  832-688-4361 by subpoenaing their third-party telephone service company, Twilio – SMS/MMS-SVR. Id.

34. Plaintiff is currently unable to identify the Owner of Telephone Number 832-810-7697. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 832-810-7697 by subpoenaing their third-party telephone service company, Bandwidth/13 – Bandwidth.com – SVR. Id.

35. Plaintiff is currently unable to identify the Owner of Telephone Number 833-234-9218. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity

of the Owner of Telephone Number 833-234-9218 by subpoenaing their third-party telephone service company, Bandwidth/Zipwhip - SVR. Id.

36. Plaintiff is currently unable to identify the Owner of Telephone Number 855-338-3699. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 855-338-3699 by subpoenaing their third-party telephone service company, Twilio – Toll Free - SMS-Sybase365/MMS-SVR. Id.

37. Plaintiff is currently unable to identify the Owner of Telephone Number 855-452-9381. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 855-452-9381 by subpoenaing their third-party telephone service company, Bandwidth/Zipwhip – Toll-Free - SVR. Id.

38. Plaintiff is currently unable to identify the Owner of Telephone Number 877-402-8249. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 877-402-8249 by subpoenaing their third-party telephone service company, Bandwidth/Zipwhip – Toll-Free - SVR. Id.

39. Plaintiff is currently unable to identify the Owner of Telephone Number 972-979-4951. Exhibit A. Upon information and belief, Plaintiff will be able to ascertain the exact identity of the Owner of Telephone Number 972-979-4951 by subpoenaing their third-party telephone service company, AT&T Wireless. Id.

40. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

41. Defendants are "persons" as that term is defined by 47 U.S.C. § 153(39).

## FACTS AND ALLEGATIONS

42. Each of the Defendants placed at least one call or sent one text message to Plaintiff on her cellular telephone ending in -6404 attempting to sell Plaintiff services relating to property acquisition, health insurance coverage, solar assessments, or same day cash loans. Exhibit A.

43. Plaintiff never sought information or services relating to selling any of her properties, obtaining health insurance, solar assessments, or same day cash loans. Exhibit A.

44. Plaintiff never provided her telephone number to any of the Defendants identified in my Complaint, and never consented to receive the calls or texts. Exhibit A.

45. These calls and texts were not made for "emergency purposes," but rather for telemarketing purposes.

46. Plaintiff's cellular telephone number has been on the National Do Not Call Registry since June 28, 2006. Exhibit A.

47. Despite registration on the Do Not Call Registry, each of the Defendants placed at least one call or sent one text message to Plaintiff.

48. Plaintiff's cellular telephone number is also on the Texas Do Not Call Registry. Exhibit A.

49. On each occasion in which Plaintiff received a telephone call, Plaintiff answered the call and heard either a lengthy pause or delay and/or a pre-recorded voice before anyone came on the line, indicating to her that the call was made using an ATDS.

50. When Plaintiff spoke with a live individual, she was solicited for services for which she never agreed to receive solicitation calls. Exhibit A.

51. Upon information and belief, each of the text messages that Plaintiff received were also sent using an ATDS or other similar automatic system used to send massive numbers of unsolicited text messages to cell phone owners.

11

52. The text messages that Plaintiff received from one or more of the Defendants made solicitations which Plaintiff never requested or consented to receive, including relating to buying or selling property, offering solar assessments of her home, or offering Plaintiff same-day cash loans. Exhibit A.

53. The actions described herein were in violation of the TCPA and Texas Business and Commercial Code.

## COUNT I
### DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

54. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

55. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

56. Defendants each initiated one or more telephone calls and/or texts to Plaintiff's cellular telephone number using an automatic telephone dialing system.

57. Defendants' calls and texts were not made for "emergency purposes."

58. Defendants' calls and texts to Plaintiff's cellular telephone were made without any prior express consent.

59. Plaintiff never sought information or services relating to buying or selling properties, obtaining health insurance, requesting solar assessments, or seeking same day cash loans. Exhibit A.

60. Plaintiff never provided her telephone number to any of the Defendants identified in her Complaint, and never consented to receive the calls or texts. Exhibit A.

61. Defendants each contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since June 28, 2006.

62. Defendants' acts as described above each were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

63. The acts and/or omissions of each of the Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

64. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

## COUNT II
## **DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(C)**

65. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

66. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

67. Defendants each contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since June 28, 2006.

68. Defendants' acts as described above each were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

69. The acts and/or omissions of each Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

70. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## DEFENDANTS VIOLATED § 302.101 OF
## THE TEXAS BUSINESS AND COMMERCIAL CODE

71. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

72. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

73. Defendants each violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation.

74. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**PRAYER FOR RELIEF**

For the reasons set forth above, Plaintiff Keana Taylor prays that she have judgment against each Defendant to include at least the following:

a) All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

b) Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c) Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d) Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e) Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f) Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c);

g) Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);

h) All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code;

i) Pre-judgment and post-judgment interest; and

j) All other relief which Plaintiff may show to be justly entitled or to which this Honorable Court deems appropriate.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

April 11, 2022                                    Respectfully submitted,

                                                  *Keana T. Taylor*
                                                  Keana T. Taylor
                                                  Texas State Bar No: 24042013

15

**Upshaw PLLC**
914 E. 25th St.
Houston, Texas 77009
Telephone: 713-299-6404
Fax: 972-920-8001
Email: keanataylor@upshawpllc.com

## CERTIFICATE OF SERVICE

    I hereby certify that today, April 11, 2022, I electronically filed the foregoing Complaint with the Clerk of the Court using the CM/ECF system.

*Keana T. Taylor*
Keana T. Taylor