IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEANA TAYLOR, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-22-1169 |
| § | |
| AMERICAN HOME BUYER, LTD. (a/k/a § | |
| Owner of Telephone Number 832-998-8783), § | |
| ET AL., § | |
| § | |
| Defendants. § | |

**ORDER**

Keana Taylor, like many of us, receives an annoying number of spam calls and texts every day. Taylor has sued the owners of 32 telephone numbers used to call or text her in a three-week period, alleging violations of the Telephone Consumer Protection Act. Taylor has been able to identify only two of the defendant owners by name (American Home Buyers and 911 Real Estate Solutions). She moves for discovery in advance of the Rule 26 conference to subpoena telephone service providers to identify the owners of the remaining numbers. (Docket Entry No. 6). The motion is denied, because there is no reasonable basis for the court to conclude that the owners of the numbers appearing on Taylor's caller ID are likely to be the individuals or companies responsible for the placing spam calls or texts.

Caller ID "spoofing" occurs "when a caller deliberately falsifies the information transmitted to [a cell-phone owner's] caller ID display to disguise their identity." FCC, *Caller ID Spoofing*, https://www.fcc.gov/spoofing. The Federal Communications Commission has noted that "scammers often use neighbor spoofing so it appears that an incoming call is coming from a local number, or spoof a number from a company or a government agency that you may already

know and trust." *Id.*; *see, e.g.*, *Zelma v. Choice Energy, LLC*, Case No. 19-17535, 2020 WL 5201341, at *1 (D.N.J. Sept. 1, 2020) ("[The plaintiff] claims that between December 19, 2017, and October 31, 2018, he received 6 telephone calls to his cellular phone and landline from [the defendant] . . . to solicit business.  Plaintiff claims that the caller, when asked, identified itself as 'Choice Energy.'  According to Plaintiff, the calls were made by automatic telephone dialing equipment which displayed 'spoofed' local numbers on his Caller ID in order to mislead Plaintiff to answer the calls.").

The list of phone numbers that Taylor has sued suggest that the spam callers may be using caller-ID spoofing.  Taylor has sued, for example, six numbers starting with the area code "281" and six numbers starting with the area code "832," both Houston area codes.  The repeated use of local numbers with the same area code suggests that the caller may be attempting to disguise its identity by using a number that belongs to a different person or entity.

Taylor does not have to allege that the disclosure of subscriber information will with certainty reveal the actual infringers.  *See Malibu Media, LLC v. Doe*, Case No. H-17-0485, 2017 WL 3394611, at *1 (S.D. Tex. Aug. 8, 2017).   However, based on the prevalence of caller-ID spoofing, the court is concerned that responses to Taylor's intended subpoenas will not reveal the identity of the spam callers, and will instead infringe on the privacy of cell-phone users who are unaware that their numbers have been used in this capacity.  Taylor's pleadings and motion do not assuage that concern.  The motion for discovery, Docket Entry No. 6, is denied on the present record.

SIGNED on May 4, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge